UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL SATKOWIAK and JOSHUA
WENZLICK,

    Plaintiffs,

v.

PHILLIP ROOS, et al.,

    Defendants.
_____/

Case No. 1:25-cv-154

Hon. Hala Y. Jarbou

## ORDER TRANSFERRING CASE

Paul Satkowiak and Joshua Wenzlick are suing the director of Michigan's Department of Environment, Great Lakes, and Energy (EGLE) and the state's attorney general to enjoin them from enforcing Michigan's wetlands-protection laws, which Satkowiak and Wenzlick allege are unconstitutional in multiple respects. Wenzlick is also suing an EGLE employee for allegedly violating his Fourth Amendment rights and trespassing on his property. But before Satkowiak initiated this action, he filed two complaints in the Eastern District of Michigan against the agency employee named as a defendant here and other colleagues. And Satkowiak is himself a defendant in a state-court enforcement proceeding instituted before all three federal cases were initiated.

The pendency in another forum of two cases involving Satkowiak arising from EGLE's efforts to compel his compliance with Michigan environmental law leads this Court to believe that the Eastern District is in the best position to sort out the tangle of claims Satkowiak raises here. That Wenzlick is not a party to either foreign suit does not undermine this conclusion, both because Wenzlick's standalone claims mirror those the Eastern District has allowed to proceed in one of Satkowiak's cases and because adjudication of both Plaintiffs' challenge to Michigan's enforcement

of its environmental laws may benefit from that Court's acquaintance with the circumstances of Satkowiak's dispute with the EGLE. Accordingly, the Court will transfer this case to the Eastern District of Michigan for further proceedings.

## I.   BACKGROUND

Satkowiak's efforts to resist enforcement of Michigan's Natural Resources and Environmental Protection Act (NREPA) against him for dumping solid waste on his property, large portions of which are allegedly wetlands, are detailed in the well-reasoned decision of the Eastern District of Michigan staying one of his suits against EGLE employees pending final adjudication of the state-court enforcement action against him, so they need not be recounted here. *See Satkowiak v. McClain*, 762 F. Supp. 3d 629, 633–35 (E.D. Mich. 2024), *aff'd*, No. 24-1600, 2024 WL 5088685 (6th Cir. Dec. 12, 2024).

The notable development after the court of appeals affirmed the Eastern District's stay was the filing of the instant case in February. (ECF No. 1.) The only defendant named in the original complaint, EGLE director Phillip Roos, timely moved the Court to dismiss the case for essentially the same reasons raised by the current motion. (ECF No. 6.) Satkowiak exercised his right to amend the complaint without leave within twenty-one days after the motion was filed, Fed. R. Civ. P. 15(b)(1), to include Wenzlick as a second plaintiff, add Michigan attorney general Dana Nessel and EGLE employee Brian Marshall as defendants, and incorporate claims brought by Wenzlick alone against Roos or Marshall. (Am. Compl. ¶¶ 113–142, ECF No. 10.) Shortly after the complaint was amended, the Eastern District issued an order dismissing some of Satkowiak's claims against Marshall in the second case pending before it but allowing the core of the suit to proceed to discovery. *See Satkowiak v. Marshall*, 771 F. Supp. 3d 937, 950 (E.D. Mich. 2025).

Unlike Satkowiak, Wenzlick is not a party to any parallel suit, so the Court will briefly summarize his allegations against Defendants. Wenzlick owns a tract of real estate situated in

2

Saginaw County into which Wenzlick dug a recreational pond measuring about an acre in surface area. (Am. Compl. ¶ 18.) Wenzlick alleges that an anonymous complaint tipped off the EGLE about the pond and that the agency dispatched Marshall and a colleague to investigate in May 2023. (*Id.* ¶¶ 23–24, 29.) Wenzlick accuses the two of trespassing on his property to ascertain if any of the activity undertaken on it contravened state wetlands-protection law. (*Id.* ¶ 24.) Wenzlick alleges the EGLE employees took soil samples without his permission or a warrant (*id.* ¶ 29), as a result of which the agency notified Wenzlick of the agency's determination that the pond violated part 303 of the Natural Resources and Environmental Protection Act (NREPA), Mich. Comp. Laws § 324.30304. (*Id.* ¶ 32; ECF No. 10-7 at PageID.461.) In January 2024, following a fruitless attempt by Wenzlick to convince the agency that its conclusion was erroneous, the EGLE issued another order reaffirming its position and ordering Wenzlick to take steps to remediate the environmental damage allegedly caused by digging the pond. (Am. Compl. ¶ 36.) Wenzlick's case was referred to the state attorney general in September, and he alleges that an enforcement action seeking to impose "million-dollar 'civil fines'" against him (*id.* ¶ 39) is "imminent" (*id.* ¶ 44).

After Wenzlick's claims were added to the amended complaint, Defendants moved to dismiss the complaint as to Satkowiak in accordance with the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and *Buford v. Sun Oil Co.*, 319 U.S. 315 (1943), and as to both Plaintiffs for failing to state a claim. (ECF No. 16 at 41.) Defendants' brief brought this Court's attention to the pendency of the Eastern District actions. (*See id.* at 2.)[1] The Court then invited the parties to express their views on whether the case should be transferred to the Eastern District. (ECF No. 33.)

---

[1] Because the Court will transfer the case to the Eastern District, it expresses no opinion on the merits of either motion to dismiss pending before it.

## II.    ANALYSIS

**A.    Transfer in General**

The Court is authorized by statute to transfer a suit pending before it to another federal court in which the case could originally have been filed or to which the parties consent. 28 U.S.C. § 1404(a). The grounds for transfer are essentially those that at common law permitted a court to abstain from adjudicating a case in favor of a more convenient forum: "convenience, efficiency and justice." *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 528 (1947); *see* 28 U.S.C. § 1404(a) note (explaining that section 1404 was inspired by forum non conveniens); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265 (1981) (section 1404 "was intended to be a revision rather than a codification of the common law"). Convenience, efficiency, and justice are capacious concepts, so section 1404 "leaves much to the broad discretion of the trial court." *Evans Tempcon, Inc. v. Index Indus., Inc.*, 778 F. Supp. 371, 377 (W.D. Mich. 1990).[2] That discretion is not unfettered: "it is well settled that a plaintiff's choice of forum is entitled to substantial weight in a § 1404(a) analysis." *Brown Co. of Waverly v. Superior Roll Forming, Inc.*, No. 1:09-cv-802, 2009 WL 4251093, at *2 (W.D. Mich. Nov. 25, 2009). But in the final analysis it is up to the Court to decide if adjudicating this case in another forum would be more convenient, efficient, or just.

At the outset, the Court acknowledges that it is a proper venue for this suit. Under 28 U.S.C. § 1391(b)(1), any district in the state in which all defendants reside or a district in which "a substantial part of the events or omissions giving rise to the claim occurred" is an appropriate venue. All defendants named in the amended complaint are state employees whose offices are in Lansing, meaning they reside in this district for purposes of section 1391. *Bay Cnty. Democratic*

---

[2] A corollary of the discretion afforded federal courts to decide whether to transfer a case to another district is the authority to raise the issue on their own motion. *Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001), *cited with approval in Ouellette v. Mich. Dep't of Corr. Parole Bd.*, No. 2:24-cv-10750, 2024 WL 2787795, at *1 (E.D. Mich. May 30, 2024) (transferring case to this district).

4

*Party v. Land*, 340 F. Supp. 2d 802, 806 (E.D. Mich. 2004). But for the reasons set out below, the Court concludes that the Eastern District is the better venue for this case.

**B.    Transfer Under Section 1404(a)**

Because the instant suit could have been brought in the Eastern District, in which all three relevant properties of Satkowiak's and Wenzlick's are located and in which both Plaintiffs reside, *see Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 749, 750 (E.D. Mich. 2004), the Court proceeds to consider whether transfer would advance the interests of efficiency, convenience, and justice. When confronted by the same question in earlier cases, this Court has weighed a variety of factors going both to the interests of the parties and those of the public. *See, e.g.*, *One Ethanol, LLC v. BOX BioScience, LLC*, 622 F. Supp. 3d 568, 581–82 (W.D. Mich. 2022); *accord Mich. Custom Machines, Inc. v. AIT Worldwide Logistics, Inc.*, 531 F. Supp. 3d 1208, 1218 (E.D. Mich. 2021). The former concern the relative burden to the parties of litigating in each forum and the relative capacity of the parties to shoulder their respective burdens. Under the latter heading fall considerations pertaining to the comparative advantage each forum has in adjudicating the matter. The gains in convenience, efficiency, and justice must, taken together, outweigh the deference owed to a plaintiff's choice of forum for a transfer of venue to be justified. *See Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 619 n.2 (6th Cir. 2025) ("[T]he defendant bears the burden to show that a different forum is more convenient than the one chosen by the plaintiff.").

The private-interest factors support transfer. As already noted, Plaintiffs' properties are located in the Eastern District (Am. Compl. ¶¶ 8, 45), and given Wenzlick's Fourth Amendment and trespass claims, it is plausible that the location of his property and the visibility of its features from public land or neighboring tracts will be an object of discovery if any court allows those claims to proceed past the pleading stage. *See Satkowiak v. Marshall*, 771 F. Supp. 3d 937, 950 (E.D. Mich. 2025) (noting an apparent dispute over whether Marshall had a right to observe

5

Satkowiak's property from a neighbor's land).  While neither party claims that one forum would be more convenient for it than another, Defendants are state employees who are used to traveling across the state, so it will be less burdensome for them to travel to the Eastern District than it will be for Plaintiffs to travel to the Western District.

Public interests are also served by transferring this case to the Eastern District.  The primary consideration is the practical advantage of having one court decide cases presenting interconnected issues and raised against a common set of defendants.  *See Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 56 (D.D.C. 2000) ("The interests of justice are better served when a case is transferred to the district where related actions are pending." (quoting *Martin-Trigona v. Meister*, 668 F. Supp. 1, 3 (D.D.C. 1987))); *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 937 (E.D. Va. 2005) ("The interest of justice weighs heavily in favor of transfer when related actions are pending in the transferee forum.").

First, the possibility that the instant case could be consolidated with one or more of the Eastern District cases, or at least that duplicative discovery may be avoided, is more than enough reason to warrant a transfer to the Eastern District.  *See Sacklow v. Saks Inc.*, 377 F. Supp. 3d 870, 881 (M.D. Tenn. 2019) (citing *Talent Tree Crystal, Inc. v. DRG, Inc.*, No. 1:04-cv-875, 2005 WL 3312554, at *5 (W.D. Mich. Dec. 7, 2005)); *cf. Cent. States, Se. & Sw. Areas Health & Welfare Fund v. First Agency, Inc.*, No. 1:13-cv-468, 2013 WL 4094345, at *3 (W.D. Mich. Aug. 13, 2013) (refusing to transfer case because the court had "decided the same issues and claims in the related case involving these same parties").

Another consideration is the fact that Wenzlick's Fourth Amendment and trespass claims against Marshall concern conduct occurring under similar auspices as Marshall's inspection of Satkowiak's other property.  *Compare* Am. Compl. ¶¶ 127–128, 133–136 (alleging Marshall

6

searched Wenzlick's property and took soil samples without a warrant or Wenzlick's consent), *with Satkowiak v. Marshall*, 771 F. Supp. 3d 937, 949 (E.D. Mich. 2025) (finding Satkowiak's allegations that Marshall searched Satkowiak's Fraser Township property without a warrant or his consent "state a viable Fourth Amendment claim"). The strong resemblance of Wenzlick's claim to one already evaluated and permitted to move past the pleading stage by the Eastern District is a powerful consideration in favor of transfer.

Finally, if the Eastern District decides to reach Satkowiak and Wenzlick's claims concerning the basic legality of the state's environmental-enforcement scheme, it is likely that adjudication of those claims will benefit from that court's prior familiarity with the factual setting from which those claims arise. *See Houston Trial Reps., Inc. v. LRP Pub'lns, Inc.*, 85 F. Supp. 2d 663, 671 (S.D. Tex. 1999) (finding transfer of a case related to one pending before the Southern District of Florida appropriate because that court was "familiar with the facts and the critical legal issues both cases present").

Taken together, these considerations are sufficient to overcome Plaintiffs' choice of forum. That is especially so when, as is the case here, the plaintiff has voluntarily chosen to sue outside their home district. *See Means v. U.S. Conf. of Cath. Bishops*, No. 13-cv-14916, slip op. at 15 (E.D. Mich. Mar. 31, 2015), *aff'd*, 836 F.3d 643, 651 (6th Cir. 2016); *Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 720 (W.D. Mich. 2004) ("[T]he plaintiff's choice of forum is entitled to significantly less weight where the forum has no connection with the matter in controversy."); *accord Tower Lab'ys v. Lush Cosms. Ltd.*, 285 F. Supp. 3d 321 (D.D.C. 2018) ("little reason to defer to the plaintiff's" choice of forum when "the defendant prefers the plaintiff's home forum" (quoting *Jimenez v. R & D Masonry, Inc.*, 2015 WL 7428533, at *3 (D.D.C. Nov. 20, 2015))); *cf. Jones v. IPX Int'l Equatorial Guinea, S.A.*, 920 F.3d 1085, 1094 (6th Cir. 2019) (a

plaintiff's choice of forum is accorded less deference when challenged as inconvenient if the plaintiff "picks a foreign forum").  The advantage of permitting a single court to hear all the cases arising from Satkowiak's dispute with EGLE and to allow that insight to inform adjudication of Wenzlick's congruent suit far outweighs whatever benefit Satkowiak and Wenzlick sought to achieve by filing suit in this district.

### III.     CONCLUSION

**IT IS ORDERED** that this suit is **TRANSFERRED** to the US District Court for the Eastern District of Michigan for further proceedings.


Dated: July 29, 2025                         /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE